**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**CHANTELLE HARRIS,**

                             **Plaintiff,**                    **MEMORANDUM**
                                                             **AND ORDER**

                            **-against-**                         **03-CV-417 (RLM)**

**JAMAICA AUTO REPAIR INC., et al.,**

                             **Defendants.**
-------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court is a renewed motion by defendant Dependable Credit Corp. ("defendant" or "Dependable") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant had previously moved for summary judgment against claims alleging that Dependable's co-defendant and assignor (a car dealer) had misrepresented the mileage of an automobile sold to *pro se* plaintiff Chantelle Harris ("plaintiff"). In response to that aspect of the defense motion, the Court re-opened discovery for the limited purpose of allowing plaintiff to retain an expert witness in order to show that the car dealer had acted in a grossly negligent or reckless manner in representing the vehicle's mileage. Plaintiff subsequently submitted an expert report, to which Dependable now objects on the grounds that it lacks proper formalities and does not address the condition of the car at the time of purchase.

       For the reasons that follow, the Court will give plaintiff one opportunity to file a supplemental expert report that cures the defects specified herein.

## BACKGROUND

The controversy in question arose in March 2001, when plaintiff purchased a 1993 Toyota Camry ("the Vehicle") from Jamaica Auto Repair, Inc. ("Jamaica"), a dealer of new and used automobiles. See Statement by Defendant Pursuant to Local Rule 56.1 ("Def. 56.1") at ¶ 11.[1] Plaintiff, through counsel, filed a complaint alleging various claims, including that Jamaica had altered the Vehicle's odometer and/or misrepresented its mileage with the intent to defraud her, and that Dependable, as the assignee of the retail installment contract, was subject to all claims against Jamaica related to the sale of the Vehicle. See Complaint ("Compl.") at ¶¶ 1, 50-53. The parties thereafter consented to have the case handled for all purposes by a magistrate judge, pursuant to 28 U.S.C. § 636(c). Subsequently, Jamaica ceased defending the action. For purposes of this opinion, the Court presumes familiarity with the underlying facts and general procedural history of the litigation. See generally 8/01/05 Memorandum and Order ("8/01/05 M&O") (granting in part and denying in part defendant's motion for partial summary judgment[2]); 8/09/07 Memorandum and Order ("8/09/07 M&O").

Dependable's current application, filed October 1, 2007, stems from this Court's August 1, 2005 memorandum and order, which denied that aspect of Dependable's summary judgment motion addressed to plaintiff's claims regarding alleged odometer-related misrepresentations, including a claim under the Motor Vehicle Information and Cost Savings

---

[1] Jamaica had previously acquired the Vehicle from an auction in Pennsylvania. See Def. 56.1 at ¶ 11.

[2] The 8/01/05 M&O is reported at Harris v. Jamaica Auto Repair Inc., No. 03-CV-0417 (RLM), 2005 WL 1861730 (E.D.N.Y. Aug. 1, 2005).

Act, 49 U.S.C. § 32701 *et seq*. (2000) ("the Federal Odometer Act").[3] The Court cited the existence of a genuine issue of material fact as to Jamaica's intent to defraud plaintiff. See 8/01/05 M&O at 6-11. In particular, relying on a series of invoices reflecting repairs to the Vehicle shortly after plaintiff purchased it, the Court concluded that a reasonable juror might find that the car dealer was grossly negligent or reckless in failing to recognize that the Vehicle's condition was inconsistent with its alleged mileage.[4] See id.

Shortly thereafter, Dependable informed the Court that plaintiff had not previously provided it with copies of the repair bills, in violation of this Court's direct order to do so. See Transcript of Civil Cause for Oral Argument dated July 7, 2005 at 48-49, 60. Consequently, Dependable moved this Court either to dismiss the complaint, to preclude plaintiff from entering the repair bills into evidence, or to reconsider its finding that the repair

---

[3] In addition to a Federal Odometer Act claim, plaintiff has alleged claims pursuant to New York General Business Law § 392-e (McKinney 1996 & Supp. 2005) ("the State Odometer Act"), and New York General Business Law § 349 (McKinney 2004) ("the State Deceptive Practices Act" or "Section 349"), as well as common law fraud, fraudulent misrepresentation, and breach of contract. See Compl. at ¶¶ 5-40. In moving for summary judgment, defendant did not distinguish between plaintiff's various theories of liability, but rather focused on the *mens rea* required under the Federal Odometer Act. See generally 5/24/05 Memorandum of Law of Defendant Dependable Credit Corp. in Support of Motion for Summary Judgment. Accordingly, the Court's opinion of August 1, 2005 similarly addressed the Federal Odometer Act. See 8/01/05 M&O at 7. As Dependable's pending application again fails to address plaintiff's other theories of liability, the Court will likewise focus in this opinion on the Federal Odometer Act. See Letter by Bernard D'Orazio ("Def. Letter [#90]").

[4] Under the Federal Odometer Act, a defendant can be found to have acted with the requisite "intent to defraud" without actual knowledge that the mileage is incorrect. See Daluz v. Acme Auto Body & Sales, Inc., 814 F.Supp. 242, 244 (D. Conn. 1992) ("A plaintiff need not show actual knowledge to defraud under [the Federal Odometer Act]."); Auto Sport Motors, Inc. v. Bruno Auto Dealers, Inc., 721 F.Supp. 63, 65-66 (S.D.N.Y. 1989); see also 8/01/05 M&O at 7-10.

3

bills satisfied plaintiff's burden on summary judgment. See 8/10/05 Declaration of Bernard D'Orazio at ¶¶ 14-25.

In an Opinion issued on August 9, 2007, the Court declined to dismiss the complaint or preclude admission of the repair bills at trial. See 8/09/07 M&O at 5-19. It did, however, credit Dependable's argument that the repair bills alone were insufficient on their face to establish the requisite *mens rea*. See id. at 20-22. Accordingly, the Court ordered that discovery be re-opened for the limited purpose of allowing plaintiff to retain an expert "to testify regarding whether the repair records support plaintiff's suggestion that the Camry's condition at the time of its sale to plaintiff should have indicated to Jamaica that the 67,515 odometer reading was inaccurate." Id. at 22.

On September 20, 2007, plaintiff served her expert report on Dependable. See Affirmation of Service ("Pl. Affirm. Serv. [#89]"). Dependable thereafter objected to the report on both procedural and substantive grounds. See Def. Letter [#90]. Specifically, Dependable now complains that the report failed to follow the formal requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure (*e.g.*, the expert neglected to sign the report), and that it addressed only the current condition of the car.[5] See id. at 2. Consequently, Dependable now renews its motion for summary judgment.[6] See id.

---

[5] Notably, plaintiff's expert did not opine on the repair bills at issue in the Court's previous opinions. See Def. Letter [#90].

[6] In her response to Dependable's application, plaintiff reiterates arguments previously made to the Court but does not directly address the expert report at issue. See 10/3/07 Letter by Chantelle Harris ("Pl. Letter [#92]"). She also encloses a copy of the Retail Certificate of Sale, which plaintiff alleges contains a forged copy of her signature. See 3/23/01 Retail

(continued...)

4

# DISCUSSION

## I. Rule 26(a)(2) Requirements

When a party seeks to present expert testimony at trial, Rule 26(a)(2) of the Federal Rules of Civil Procedure requires, among other things, that the party serve a report detailing the expert's conclusions. See Fed. R. Civ. P. 26(a)(2). Specifically, the report must be signed by the expert and must contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the data or other information considered by the witness in forming them[.]" See Fed. R. Civ. P. 26(a)(2)(B). Additionally, the report must list, *inter alia*, what compensation the party will pay the expert for the study and testimony, as well as "all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition[.]" See id. This disclosure obligation serves to provide opposing parties "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." See Fed. R. Civ. P. 26(a)(2) advisory committee's note, 1993 amendments.

## II. Plaintiff's Expert Disclosure

As discussed in this Court's August 1, 2005 opinion, plaintiff's claim under the Federal Odometer Act requires an intent to defraud, which can be based on actual intent or on gross

---

[6](…continued)
Certificate of Sale (submitted with Pl. Letter [#92]). Contrary to plaintiff's claim that she has "never seen [the document] before till now," she in fact submitted the same document with her proposed pretrial order on March 15, 2005, more than two years ago. See Pl. Letter [#92]; see also 3/15/05 [Plaintiff's Proposed] Pretrial Order. The authenticity of plaintiff's signature, and its effect on plaintiff's claim under New York General Business Law § 349, are not matters now before the Court, inasmuch as Dependable did not move for summary judgment on that issue. See 8/01/05 M&O at 7 n.5.

negligence or recklessness.  See 8/01/05 M&O at 7-10.  For summary judgment purposes, plaintiff must provide sufficient evidence of this intent, such that a factfinder could rationally conclude that Jamaica violated the statute.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see Fed. R. Civ. P. 56(c).

In support of this claim, plaintiff has submitted a two-page invoice from James T. Gorman ("Gorman"), an automotive technician with twenty years experience.  See 9/18/07 CMD Tire & Automotive Invoice (submitted with Pl. Affirm. Serv. [#89]) ("the Invoice").  The Invoice, as submitted, is problematic in several respects.  First, the Invoice lacks the requisite formalities under Rule 26(a)(2).  Gorman did not sign the Invoice, nor did he provide information about any previous cases in which he has testified.  Further, although the Invoice reflects that plaintiff paid $86.22 for Gorman to review the Vehicle, it does not state Gorman's compensation in the event he testifies at trial or a deposition.  More troubling, it is difficult to comprehend some of Gorman's conclusions because he employs perfunctory language and short-hand, ambiguous phrasing.  For instance, the Invoice states "AGE INCONSIST[E]NT WITH CLUSTER/OTHER GAUGES[.]"  The context of this statement suggests it might relate to the speedometer, as opposed to the odometer.  More importantly, the Invoice indicates that Gorman inspected the instrument panel to determine if the odometer had been tampered with, but it fails to indicate the results of Gorman's investigation, or whether this tampering should have been apparent to a person in the business of buying or selling used automobiles.[7]

---

[7] The description of Gorman's credentials is likewise conclusory.  The Invoice states, without
(continued…)

6

As there is no indication that *pro se* plaintiff acted willfully, maliciously or in bad faith in proffering the inadequate expert disclosure, the Court declines to dismiss her misrepresentation-of-mileage claims but instead orders her to file a supplemental expert report that conforms with all of the requirements of Rule 26(a)(2).[8] See In re Complaint of Kreta Shipping, 181 F.R.D. 273, 277-78 (S.D.N.Y. 1998) (allowing supplemental expert reports where objecting party would not be prejudiced); see also Dwyer v. Guilford Bd. of Educ., Civ. No. 3:05cv1155 (AHN), 2007 WL 1232039, at *2 (D. Conn. Apr. 26, 2007) (allowing plaintiff who acted in good faith to file supplemental expert report); cf. Choudhry v. Hosmer, No. 02 Civ. 2540 (DC), 2003 WL 21361728, at *1-2 (S.D.N.Y. June 12, 2003) (refusing to accept an incomplete expert report filed two months late partly because plaintiffs previously resisted discovery in bad faith). This approach allows the Court "to adhere to the spirit of the Federal Rules, while at the same time mandating compliance with the more demanding, precise requirements of Rule 26." See Kreta Shipping, 181 F.R.D. at 278. In this supplemental report, Gorman must elaborate on his opinion and avoid terse, abbreviated phrasing.

In its pending application, Dependable additionally complains that Gorman's report

---

[7](…continued)
elaboration, that he is a "SENIOR ASE MASTER CERTIFIED STATUS, FAA LICENSED A&P TECHNICIAN[.]" See Invoice. Furthermore, if Gorman ultimately concludes that it should have been apparent to a car dealer that the Vehicle's mileage was understated, Gorman should similarly indicate the extent of his experience, if any, buying or selling used cars.

[8] Interestingly, the Advisory Committee notes for Rule 26(a)(2) state that experts, in preparing a Rule 26(a)(2) report, are permitted to seek assistance from the counsel who hired them, and "indeed, with experts *such as automobile mechanics,* this assistance may be needed." See Fed. R. Civ. P. 26(a)(2) advisory committee's note, 1993 amendments (emphasis added). Thus, the Rules contemplate that experts like Gorman might lack the sophistication to comply strictly with Rule 26's requirements.

addresses only the current condition of the Vehicle, as opposed to its condition at the time of the transaction at issue. See Def. Letter [#90] at 2. While plaintiff's case presumably would be stronger if her expert discussed the condition of the Vehicle based on the 2001 repair bills, a conclusion based on its current condition may nevertheless defeat a motion for summary judgment if the record contains sufficient evidence -- either from the expert or from the person in possession of the Vehicle since Jamaica sold it[9] -- from which a reasonable factfinder could infer that at the time of the 2001 transaction, Jamaica disregarded indicia of an odometer rollback. See Suiter v. Mitchell Motor Coach Sales, Inc., 151 F.3d 1275, 1283-84 (10th Cir. 1998) (finding genuine issue of material fact as to reckless representation of motor coach mileage, based in part on testimony of industry expert who examined the vehicle two years after it was sold by defendant). The expert's opinion, however, must be "the product of reliable principles and methods[.]" See Fed. R. Evid. 702. If Dependable disagrees with the conclusions reached by Gorman in his supplemental report, it may, of course, offer its own rebuttal expert witness. See Fed. R. Civ. P. 26(a)(2)(C) (discussing procedural requirements for rebuttal expert witnesses).

In sum, this Court agrees with Dependable that plaintiff's expert disclosure is inadequate, but concludes that the appropriate remedy is an order directing plaintiff to serve supplemental expert disclosure curing the defects identified in this opinion. Plaintiff is warned that she will be given only one opportunity to supplement her expert disclosure.

---

[9] Both parties have acknowledged that plaintiff has had sole control of the Vehicle since 2001. See 3/25/05 Joint Pre-trial Order at 4 (noting that plaintiff "has had uninterrupted possession and use of the vehicle since the date of purchase in March 2001").

## CONCLUSION

For the foregoing reasons, defendant's renewed motion for summary judgment is denied without prejudice. By January 14, 2008, plaintiff shall serve and file supplemental expert disclosure consistent with the requirements specified herein and in Rule 26(a)(2).

    **SO ORDERED.**

Dated:    **Brooklyn, New York**
           **December 13, 2007**

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**