**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
**CHANTELLE HARRIS,**

                               **Plaintiff,**

          **-against-**

**JAMAICA AUTO REPAIR INC., et al.,**

                               **Defendants.**
------------------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**03-CV-417 (RLM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On August 9, 2007, after the parties consented to have this case handled for all purposes by a magistrate judge, this Court re-opened discovery for the limited purpose of allowing *pro se* plaintiff Chantelle Harris ("plaintiff") additional time to retain an expert witness to establish that the car dealer from whom she purchased her vehicle had acted in a grossly negligent or reckless manner in representing the vehicle mileage. See Memorandum and Order dated August 9, 2007 ("8/9/07 M&O"), Docket Entry ("D.E.") #88, at 20-22. Plaintiff subsequently submitted an expert report to which Dependable Credit Corp. ("Dependable" or "defendant")[1] objected. See Affirmation of Service by Chantelle Harris, filed Sept. 25, 2007, D.E. #89; Letter Regarding Plaintiff's Expert Testimonial, filed Oct. 1, 2007, D.E. #90. In response to defendant's renewed motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, this Court afforded plaintiff the

---

[1] While defendant Jamaica Auto Repair, Inc. ("Jamaica") actually sold plaintiff the vehicle in question, it has ceased to defend this action. See 8/1/05 Memorandum and Order ("8/1/05 M&O"), D.E. #79, at 4. However, Dependable has conceded that, as assignee of the retail installment contract between Jamaica and plaintiff, it stands in Jamaica's shoes with respect to plaintiff's claims. See id. at 3; Transcript of Oral Argument on 7/7/05 at 7.

opportunity to file a supplemental expert report curing the defects cited with respect to her first report. See 12/13/07 Memorandum and Order ("12/13/07 M&O"), D.E. #93, at 1; see also 1/18/08 Order, D.E. #96 (extending plaintiff's time to file her report). In a letter dated February 19, 2008, plaintiff reported that she was unable to find the requisite expert witness. See Letter from Chantell Harris, D.E. #97. There have been no further submissions to the Court since that date.

## DISCUSSION

As discussed in this Court's Memorandum and Order issued on December 13, 2007 ("12/13/07 M&O"), claims that a car dealer misrepresented the actual mileage of a vehicle require proof that the seller acted with intent to defraud, based on either actual intent, gross negligence or recklessness. See 12/13/07 M&O at 5-6. Therefore, in order to withstand a motion for summary judgment motion on such claims, plaintiff must present evidence from which a fact-finder could rationally conclude that Jamaica acted with the requisite intent. See id. at 6 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)). Repair bills alone, without expert testimony to explain their significance, are insufficient to establish that Jamaica should have known that the vehicle's condition was not consistent with its mileage. See 8/9/07 M&O at 20 (citing Suiter v. Mitchell Motor Coach Sales, Inc., 151 F.3d 1275, 1282-84 (10th Cir. 1998)).

After the Court identified the inadequacies in plaintiff's expert disclosure, and gave her an opportunity to cure those deficiencies, see 12/13/07 M&O at 6, 7, she reported that she had

been unable to do so.  See Letter from Chantell Harris, D.E. #97.  Since plaintiff has failed to proffer the requisite expert opinions as to the significance of the repair records, the Court hereby grants defendant's motion for summary judgment on the following misrepresentation-of-mileage claims:  plaintiff's claims under the Federal Odometer Act and State Odometer Act, N.Y. Gen. Bus. Law § 392-e; her odometer-related allegations under the State Deceptive Practices Act, N.Y. Gen. Bus. Law § 349; and her common law claims for fraudulent misrepresentation and fraud.

Nevertheless, as this Court repeatedly noted in its previous opinions, plaintiff has also alleged alternate theories of liability under state and common law, which have never been specifically addressed by defendant or dismissed from the action.  See 12/13/07 M&O, D.E. #93, at 3 n.3.  The complaint alleges that Jamaica forged plaintiff's signature on the registration documents, misrepresented the actual year of the vehicle, and registered the vehicle with New York State under a different Vehicle Identification Number, all in violation of the State Deceptive Practices Act, N.Y. Gen. Bus. Law § 349.  See Compl. ¶ 20(d)-(f). She further alleges that the defects in the vehicle delivered to her breached the warranty of serviceability created by Section 417 of New York's Vehicle and Traffic Law.  See id. ¶¶ 46-47.  Finally, she alleges common law claims for breach of contract and revocation of acceptance.  See id. ¶¶ 31-35, 42-44.[2]

---

[2]  In its Memorandum and Order of August 1, 2005, the Court granted defendant's motion for summary judgment dismissing plaintiff's various odometer-tampering claims, as well as her claim that Jamaica violated Section 417 of New York's Vehicle and Traffic Law by failing to furnish her with a warranty of serviceability.  See 8/1/05 M&O at 6, 13.

Although dismissal of the Federal Odometer Act claim eliminates all federal causes of action, the Court has the discretion to exercise supplemental jurisdiction over the remaining state law claims after considering the values of judicial economy, convenience, fairness and comity–– known as the "*Cohill* factors." See Bishop v. Toys "R" Us- NY, LLC, No. 04-CV-9403 (PKC), 2009 WL 440434, at *14 (S.D.N.Y. Feb. 19, 2009) (citations omitted); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Considering the lengthy history of this litigation and this Court's familiarity with the claims, including its consideration of three dispositive motions, this Court concludes that the *Cohill* factors weigh in favor of maintaining jurisdiction over the remaining state claims. See id. at *15 ("The Second Circuit has deemed it proper to retain supplemental jurisdiction over state-law claims . . . that remain after the district court considered three dispositive motions") (citing Valencia ex rel. Franco v. Lee, 316 F.3d 299, 306 (2d Cir. 2003)).

## CONCLUSION

For the reasons stated above, jury selection and trial on plaintiff's remaining state law claims will go forward before the undersigned magistrate judge on June 8, 2009, at 9:00 a.m., in Courtroom 13C-S. The final pre-trial conference will take place on May 18, 2009, at 10:00 a.m., in Courtroom 13C-S. In light of the changed focus of trial, the parties are directed to revise their joint pretrial order ("JPTO"): plaintiff's portion shall be filed by April 16, 2009; defendant's shall be filed by April 23, 2009; the combined JPTO shall be filed via ECF by April 30, 2009. By April 30, 2009, the parties shall exchange and submit to Chambers premarked copies of all trial exhibits.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**March 30, 2009**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**