**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**CHANTELLE HARRIS,**

                              **MEMORANDUM**
               **Plaintiff,**            **AND ORDER**

          **-against-**                   **03-CV-417 (ERK)**

**JAMAICA AUTO REPAIR INC., et al.,**

                    **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court are objections interposed by defendant Dependable

Credit Corp. ("Dependable" or "defendant") to certain trial exhibits that *pro se* plaintiff

Chantelle Harris ("Harris" or "plaintiff") proposes to introduce at trial.  Specifically, in a

letter to the Court dated May 22, 2009, defendant argues that records subpoenaed from

Somerset Tire Service, Inc. ("STS") should be excluded as "the fruit of improper and

unauthorized discovery conducted" by the Court's law clerk, see Letter to the Court from

Bernard D'Orazio, Counsel for Defendant (May 22, 2009) ("5/22/09 Def. Letter"), Docket

Entry ("D.E.") #108, at 5, and have not been properly authenticated as business records.  See

id. at 6.  Additionally, in the parties' Amended Joint Pre-Trial Order (April 30, 2009)

("JPTO"), defendant asserts grounds of "relevance, hearsay and authenticity" in challenging

the admissibility of a series of invoices or receipts documenting repairs made to the Toyota

Camry ("the Camry") that plaintiff purchased from Jamaica Auto Repair, Inc.  See JPTO,

D.E. #104, at 8.  For the reasons that follow, defendant's objections to the STS documents are

overruled, and its objections to the repair records are sustained in part and overruled in part; the repair records will be admitted for the limited purposes of corroborating that plaintiff took the Camry to be repaired and establishing the amounts that plaintiff was charged for those repairs; the invoices will not be admitted to establish the truth of their contents.

## DISCUSSION

### I.   The STS Records

Defendant's complaint that the STS records were obtained through judicial misconduct and overreaching has already been disposed of in connection with defendant's demand that the Court recuse itself.  See Memorandum and Order (July 24, 2009), D.E. #119.  Suffice it to say, defendant's challenge is based on distortions of the record and a misunderstanding of the latitude afforded courts in dealing with *pro se* parties.

Equally unavailing are defendant's remaining challenges to the STS records.

#### A. Validity of the Subpoenas of Carfax and STS

Citing Rule 45 of the Federal Rules of Civil Procedure, defendant next complains that the Carfax subpoena that led to the identification of STS was unlawful as it was served outside the Court's territorial jurisdiction.  See 5/22/09 Def. Letter at 5.  However, the Court has ruled that the Carfax documents constitute inadmissible hearsay, see Transcript of Final Pretrial Conference on May 18, 2009 ("5/18/09 Tr."), D.E. #117, at 36; the STS subpoena, which was served in Monmouth Junction, New Jersey -- well within one hundred miles of the Brooklyn courthouse -- clearly satisfied Rule 45.  See Fed. R. Civ. P. 45(b)(2) (providing, in

relevant part, that a subpoena may be served "within the district of the issuing court" or "outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection.").

Defendant provides no legal basis for its contention that the STS records should be excluded as the "fruit of improper and unauthorized discovery."  5/22/09 Def. Letter at 5. The fruit-of-the-poisonous-tree (or "taint") doctrine is an outgrowth of the exclusionary rule for evidence obtained in violation of the Fourth Amendment; that rule does not apply in civil cases.  See Pa. Bd. of Probation & Parole v. Scott, 524 U.S. 357, 363 (1998) ("[W]e have repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials.") (collecting cases).

In any event, defendant lacks standing to challenge the Carfax subpoena as having exceeded Rule 45's geographic limits.  Where, as here, a subpoena is issued to a non-party and the party challenging the subpoena does not assert or establish a personal right or privilege with regard to the information sought, that party has no standing to move to quash the subpoena. See, e.g., Ashkinazi v. Sapir, No. 02 CV 0002 (RCC), 2004 WL 1698446, at *3 (S.D.N.Y. July 28, 2004).

Even if defendant had standing, its belated challenge to the Carfax subpoena would fail. Defendant suggests that because the Court exceeded "its territorial jurisdiction," Rule 45(c)(3)(ii) required the Court to quash the Carfax subpoena.  See 5/22/09 Def. Letter at 5. Defendant misreads Rule 45(c)(3)(ii), which requires the quashing of a subpoena *on timely*

*motion* where the subpoena "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides." Fed. R. Civ. P. 45(c)(3)(ii). Defendant never moved to quash the Carfax subpoena on this or any other ground.[1] Moreover, the Carfax subpoena was for documents, and did not require any person to travel more than one hundred miles from his place of residence. See Civil Subpoena (July 6, 2005), D.E. #65. Accordingly, the Court was not required to quash the Carfax subpoena.

**B. Authentication as Business Records**

Defendant appears to claim that the STS documents have not been properly authenticated under Rule 902 of the Federal Rules of Evidence and are thus not admissible as business records under Rule 803(6). See 5/22/09 Def. Letter at 6.[2] Pursuant to Rule 902, no extrinsic evidence is required to trigger Rule 803(6)'s hearsay exception for business records where, as here, the records are "accompanied by a written declaration of its custodian or other qualified person." Fed. R. Evid. 902(11). The requirement of a qualified person is "generally

---

[1] Carfax timely moved to quash the subpoena on entirely different grounds -- i.e., that full compliance would violate a confidentiality agreement with the entity from which Carfax had obtained the information sought. See Memorandum of Law In Support of Motion to Quash Subpoena by Carfax (July 12, 2005), attachment 1 to D.E. #64. Carfax withdrew its motion to quash in response to the Court's proposal for protecting the identity of Carfax's direct source. See Notice re Motion to Quash (July 20, 2005), D.E. #75. (Defendant's letter of May 22, 2009 disclosed the name of that entity; the Court has redacted defendant's submission to delete that confidential information, see 5/22/09 Def. Letter at 6, and, in this opinion, refers to that entity as the "Intermediary.").

[2] The Court assumes that defendant's statement that "[t]he documents have been properly authenticated," see 5/22/09 Def. Letter at 6, is an error, with the word "not" omitted.

given a very broad interpretation. The witness need only have enough familiarity with the record-keeping system of the business in question to explain how the record came into existence in the ordinary course of business." United States v. Lauersen, 348 F.3d 329, 342 (2d Cir. 2003) (internal quotation and citation omitted).

The requirements of Rule 902 have been satisfied in this case. The STS documents are accompanied by the affidavit of Michael J. Ryan, the Vice President of Administration, Secretary and Treasurer of STS. See Affidavit of Michael J. Ryan (July 27, 2005) ("Ryan Aff.") ¶ 1. Mr. Ryan is qualified to lay the foundation for the records, as his position requires him to be "familiar with the general business practices of STS[] and . . . the record-keeping practices of the company." Ryan Aff. ¶ 2. Mr. Ryan's affidavit certifies that he believes the records were made at the time indicated on the records, in the regular course of business, as part of the regularly conducted activities of STS. See Ryan Aff. ¶¶ 4-6. Such information is sufficient to authenticate the records under Rule 902, as well as to qualify the records for admission under the business records exception to the hearsay rule. See Fed. R. Evid. 902(11), 803(6). Although defendant argues that one of the records produced by STS bears the name of the Intermediary, rather than STS, see 5/22/09 Def. Letter at 6, Mr. Ryan's affidavit clearly explains that the Intermediary provided the blank forms for STS to complete as part of the business agreement between the two companies. See Ryan Aff. ¶ 5. Accordingly, defendant's objections to the STS records are overruled.

## II.    The Repair Records

In the parties' Joint Pretrial Order, defendant raised three objections to the introduction

of the repair records:  relevance, hearsay and authenticity.  See JPTO at 8.  At the final

pretrial conference held on May 18, 2009, the Court overruled defendant's relevance

objection; the Court held that defendant's arguments in support of its relevance challenge (for

example, that some of the work performed on the Camry constituted "ordinary maintenance")

went to the weight of the evidence, and not its admissibility.  See 5/18/09 Tr. at 40-43.  The

Court also expressed its view that, assuming plaintiff were to testify at trial that she received

the invoices from the specified repair shops at the times indicated, such testimony would

provide a sufficient basis to authenticate the documents.  See id. at 44.  The Court agreed,

however, to take under advisement defendant's objections to the repair records on

authentication and hearsay grounds.  See id. at 45-47.[3]  Having examined governing caselaw,[4]

the Court reaffirms its ruling on authenticity and holds that the records may be admitted, with

an appropriate limiting instruction, as non-hearsay proof.

### A.  Authenticity Objection

The proponent of documents for admission as evidence must establish their authenticity

by "evidence sufficient to support a finding that the matter in question is what its proponent

---

[3]  In response to defendant's objection, the Court did rule that plaintiff's handwritten notations
on the repair records would have to be redacted out.  See 5/18/09 Tr. at 47.

[4]  At the final pretrial conference, defense counsel handed up a copy of New York's CPLR
4533-a, entitled "Prima facie proof of damages," but conceded he was "not sure" it would
apply in a federal trial.  See 5/18/09 Tr. at 45.  He has not cited any caselaw, nor submitted
any letter-brief, in support of his objections to the repair records.

claims." See Fed. R. Evid. 901(a); see also United States v. Al-Moayad, 545 F.3d 139, 172

(2d Cir. 2008). "[T]he bar for authentication of evidence is not particularly high" and may be

established by direct or circumstantial evidence. Al-Moayad, 545 F.3d at 172 (internal

quotations and citations omitted); see United States v. Tin Yat Chin, 371 F.3d 31, 38 (2d Cir.

2004) (vacating criminal conviction where "doubts about the ultimate reliability of the receipts

[offered, through defendant's wife, in support of an alibi defense] do not justify their exclusion

under Rule 901's minimal standards of authentication.").

Plaintiff alleges that the repair bills in question were received by her for repairs

performed on the Camry shortly after it was purchased. See JPTO at 8. Assuming she so

testifies, such information is sufficient for a jury to determine that the invoices for repairs are

what plaintiff claims them to be. See SCS Commc'ns, Inc. v. Herrick Co., 360 F.3d 329, 344

(2d Cir. 2004) (holding that Rule 901 is satisfied "if sufficient proof has been introduced so

that a reasonable juror could find in favor of authenticity or identification.") (internal citations

and quotations omitted); accord Al-Moayad, 545 F.3d at 173. Therefore, defendant's

authenticity objection is overruled.

### B. Hearsay Objection

Nevertheless, plaintiff also faces a hearsay objection to the invoices. See generally Fed.

R. Evid. 801(c). Pursuant to Rule 803(6) of the Federal Rules of Evidence, an invoice or

other business record may be admitted into evidence for the truth of its contents provided that a

custodian or other qualified witness states under oath that the document was prepared "in the

course of a regularly conducted business activity and [that] it was the regular practice of that

business activity to make the [document]." <u>Kowalczyk v. United States</u>, 936 F.Supp 1127, 1137 (E.D.N.Y. 1996) (quoting Fed. R. Evid. 803(6)). As plaintiff has failed to proffer statements from custodians of records to provide the requisite foundational proof, the invoices do not qualify as business records under Rule 803(6). <u>See id.</u>

Although the invoices thus do not fall within any exception to the hearsay rule, a writing may be admissible as non-hearsay when it is not being offered for the truth of the matter and therefore "does not trigger the traditional reliability concerns[.]" <u>Tin Yat Chin</u>, 371 F.3d at 38 (citing <u>United States v. Saint Prix</u>, 672 F.2d 1077, 1083 (2d Cir. 1982); <u>United States v. Lieberman</u>, 637 F.2d 95, 101 (2d Cir. 1980)). The hearsay rule thus is not violated where invoices are admitted not for their truth but "simply for the fact that they state[] particular amounts" and thereby substantiate an individual's testimony as to how much was paid for a specific service or item. <u>See Prytania Park Hotel v. Gen. Star Indem. Co.</u>, No. CIV. A. 94-3743, 1997 WL 250037, at *2 (E.D. La. May 9, 1997) (holding, in an action brought by a hotel against its insurer, that invoices kept by the hotel did not implicate hearsay rule where they were admitted solely to substantiate testimony concerning the amounts paid by the hotel, as a result of a fire, for services and products).

Accordingly, if properly authenticated by plaintiff, the invoices at issue here are admissible for the limited purposes of corroborating plaintiff's testimony that she took the Camry for repairs, and establishing the amounts charged to plaintiff for such repairs. <u>See Tin Yat Chin</u>, 371 F.3d at 39 (customer receipts of credit transactions proffered by defendant through his wife to prove alibi defense should have been admitted as non-hearsay to prove that

a person using defendant's name signed receipts on the dates and times in question); St. Prix, 672 F.2d at 1083 (rejecting hearsay objection to admission of automobile dealership sales slips for the limited purpose of proving that someone using defendant's name bought the vans in which drugs were later found, from which the jury could infer that the person using defendant's name was in fact defendant, where other evidence connected defendant with the person using his name); Lieberman, 637 F.2d at 101 (holding that hotel guest card was admissible as non-hearsay to show that someone identifying himself by the name on the card registered at the hotel).

Because the invoices are not admissible to prove that such repairs were in fact performed or necessary, the Court will provide the jury with a limiting instruction that such evidence can be considered only for the limited purposes described above. Such an instruction will adequately protect defendant against the risk that the jury might overwise misuse the contents of the invoices. See Highland Capital Mgmt. v. Schneider, No. 02 Civ. 8098(PKL), 2008 WL 3884363, at *11 (S.D.N.Y. Aug. 20, 2008) (holding that where jury was given limiting instructions regarding evidence introduced for limited purpose over hearsay objection, such instructions "cured any potential unfair prejudice that defendants might have suffered"). "As the Supreme Court has frequently observed, the law recognizes a strong presumption that juries follow limiting instructions." United States v. Snype, 441 F.3d 119, 129-30 (2d Cir. 2006) (citing Zafiro v. United States, 506 U.S. 534, 540-41 (1993)). The jury in this case will be presumed to follow the Court's limiting instruction concerning the repair records.

## CONCLUSION

For the foregoing reasons, the Court overrules defendant's objections to the STS records, and rules that the repair records will be admitted for limited purposes, with an appropriate limiting instruction.

      **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
          **July 27, 2009**

                                    **ROANNE L. MANN**
                                    **UNITED STATES MAGISTRATE JUDGE**